# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHISN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Patrick Rochester, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Merchant And Medical Adjustment Bureau, Inc, d/b/a/ CBA Tifton and Credit Bureau Associates | ) ) ) ) | **COMPLAINT WITH JURY TRIAL DEMAND** |
| Defendant | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq.

## PARTIES

1. Plaintiff, Patrick Rochester, is a natural person who resides in Fulton County, Georgia.

2. Defendant, Merchants and Medical Adjustment Bureau, is a Georgia Corporation formed under the laws of the State of Georgia. Defendant may be

1

served with process via its registered agent, William H. Vance, Merchants and Medical Adjustment Bureau, Inc, at 321 Main Street, Tifton, Georgia 31794.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Fulton County.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of delinquent insurance premium and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant markets itself as "a leading collection and credit service for business and individuals". See www.accountsrecovery.com (Last visited June 21, 2020.)

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts over the last few years.

14. On April 24, 2019, the Plaintiff filed for bankruptcy protection under Chapter 13 of United States Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division. His case was assigned case number 19-56349. In his schedules he included the Defendant as an unsecured creditor with a claim of $251.00. The debt was marked on in his schedules as "disputed".

15. A true and accurate reproduction of the relevant portion of Schedule E reflecting the Defendant appears below

```
Case 19-56349   Doc 1   Filed 04/24/19   Entered 04/24/19 10:20:42   Desc Main
                        Document      Page 23 of 52
```

**Debtor 1** Patrick Anthony Rochester        Case number (if known) _____

**Part 2:** Your NONPRIORITY Unsecured Claims -- Continuation Page

After listing any entries on this page, number them sequentially from the previous page.        **Total claim**

**4.5**                                                                                                         $251.00

**Cba Tifton**
Nonpriority Creditor's Name
**321 Main St**
Number    Street

Last 4 digits of account number   6  7  0  2
When was the debt incurred?   07/19/2016
As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☑ Disputed

**Tifton          GA      31794**
City             State    ZIP Code

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify  Account

Who incurred the debt?   Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

Original Creditor Name: 05 GEORGIA FARM BUREAU

16. Notice of the Plaintiff's bankruptcy filing and its inclusion as a creditor was served upon the Defendant by the Bankruptcy Noticing Center via the electronic address provided by Defendant on April 28, 2019. A true and correct copy of this notice, highlighted for ease of reference, is attached hereto as Exhibit 1. See, Exhibit 1 page 3.

17. On January 9, 2020, the Plaintiff obtained a copy of his credit report as published by Transunion, a major credit reporting agency. In reviewing that report

he noted that the Defendant had reported the debt it was collecting on behalf of Georgia Farm Bureau as recently as May 21, 2020.

18.   In its reporting, the Defendant incorrectly stated the status of the account as "in collection" as opposed to "included in bankruptcy." A true reproduction of the applicable tradeline appears below,

**CREDIT BUREAU ASSOC #39567**\*\*

Page 9 of 29



321 MAIN ST N
TIFTON, GA 31794-4897
(229) 382-5801

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 07/19/2016 | Balance: | $251 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 12/02/2019 | | |
| Account Type: | Open Account | Original Amount: | $251 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | GEORGIA FARM BUREAU | | |
| | | Past Due: | >$251< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 03/2023

19.   While it is possible for some debts to be excluded from a chapter 13 and to be subject to collection, that is not the case with the debt being collected and reported by the Defendant.

20.   The reporting by the Defendant to Transunion falsely describes the status of the account negatively affecting the debtor in that a viewer of the report

would conclude that the debt is not included in the Plaintiff's bankruptcy and that the Plaintiff is thus subject to continuing collection including legal process.

21. Essentially identical false information has been and continues to be reported by Defendant to Equifax, another credit reporting agency.

22. Moreover, the continued reporting of the account by Defendant as an account in active collection is itself an act in furtherance of its efforts to collect a consumer debt and thus unlawful in view of the automatic stay provided by 11 U.S.C. § 362(a)(1).

## INJURIES-IN-FACT

23. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. The harm caused by the alleged violation of the Act — the reporting of inaccurate information about Plaintiff's credit to a credit monitoring service — has a close relationship to the harm caused by the publication of defamatory information, which has long provided the basis for an actionable claim. *Hill v. Equifax Info. Servs.*, No. 1:19-CV-2494-CAP, 2020 U.S. Dist. LEXIS 182388 (N.D. Ga. Sep. 29, 2020)

27. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

28. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that the Defendant is engaged in false credit reporting.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

*Violations of 15 U.SC. § 1692e and its subparts*

31. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

34. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36. The Defendant's representations regarding the status of the account were objectively false and materially misleading and a violation of 15 U.S.C. § 1692e, 1692e(2)(a), 1692e(8), and 1692e(10).

## **TRIAL BY JURY**

37. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 6th day of October, 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*