IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK ROCHESTER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO.: |
| | : 1:20-CV-4211-CAP-JCF |
| MERCHANT AND MEDICAL ADJUSTMENT BUREAU, INC. d/b/a CBA Tifton and Credit Bureau Associates, | : |
| Defendant. | : |

**FINAL REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's Motion For Default Judgment (Doc. 12) and Amended Motion For Default Judgment (Doc. 19). For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's motion for default judgment, as amended, be **GRANTED**.

**Factual Background**

On April 24, 2019, Patrick Rochester ("Plaintiff") filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division. (Doc. 1 ¶ 14). He included Defendant Merchant and Medical Adjustment Bureau, Inc. d/b/a CBA Tifton and Credit Bureau Associates ("Defendant") as an unsecured creditor in his bankruptcy schedules with a claim of $251.00 and marked the debt as

1

"disputed" on his schedules. (*Id*. ¶¶ 14-15). Notice of Plaintiff's bankruptcy filing and its inclusion as a creditor was served on Defendant by the Bankruptcy Noticing Center via the electronic address provided by Defendant on April 28, 2019. (*Id*. ¶ 16). On January 9, 2020, Plaintiff obtained a copy of his credit report as published by Transunion, a credit reporting agency. (*Id*. ¶ 17). Plaintiff noticed that Defendant had reported the debt it was collecting on behalf of Georgia Farm Bureau as recently as May 21, 2020. (*Id*. ¶ 17). Defendant incorrectly stated the status of the account as "in collection" as opposed to "included in bankruptcy" and thus falsely described the debt by failing to state that the debt is included in Plaintiff's bankruptcy and by indicating that the debt is subject to continuing collection, including legal process. (*Id*. ¶¶ 18, 20). Defendant has also reported false information about the debt to Equifax, another credit reporting agency. (*Id*. ¶ 21).

## Procedural History

On October 13, 2020, Plaintiff filed this action alleging that Defendant violated the Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (Doc. 1). An affidavit of service shows that Plaintiff served Defendant with the summons and Complaint on December 3, 2020, and therefore Defendant's answer was due to be served and filed by December 24, 2020. (*See* Doc. 6). Defendant did not respond to the Complaint, by answer or other responsive pleading or motion, and therefore the Clerk entered default on January 8, 2021. Plaintiff's well-pleaded allegations of

fact are therefore accepted as true.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Glover v. Manny's Tex. Style Bar-Be-Que, Inc.*, No. 1:05-cv-3244-WSD, 2006 U.S. Dist. LEXIS 39389, at *2 (N.D. Ga. June 14, 2006) ("Upon entry of default, the well-pleaded allegations of the complaint are to be accepted as true[.]").  Plaintiff then moved for default judgment (Doc. 12), and by Order entered February 16, 2021, the Court directed Defendant to file a response to Plaintiff's motion for default judgment within 21 days and to show cause why Plaintiff's motion should not be granted and default judgment should not be entered. (Doc. 16).  The Court also cautioned Defendant that if it failed to respond to the motion, the undersigned may recommend that default judgment be entered against it.  (*Id.*).  Defendant has not responded to Plaintiff's motion or the Court's Order. By Order entered April 15, 2021, the Court scheduled a hearing for May 4, 2021 on Plaintiff's motion in light of the fact that Plaintiff requested unliquidated actual damages without providing a factual basis for the requested amounts.  (Doc. 18). Plaintiff then filed an amended motion for default judgment in which he withdrew his request for actual damages and now only seeks an award of $1,000.00 in statutory damages, reasonable attorney fees, and costs.  (Doc. 19).  The Court therefore canceled the hearing.

## Discussion

Plaintiff moves for default judgment based on Defendant's failure to answer or respond to the Complaint. The record shows that Plaintiff served Defendant with the summons and complaint on December 3, 2020 (*see* Doc. 6) and that Defendant did not answer or otherwise respond. Thus, the Clerk properly entered default pursuant to FED. R. CIV. P. 55(a). The undersigned now turns to whether Plaintiff has shown that, in light of Defendant's default, entry of default judgment is appropriate pursuant to Fed. R. Civ. P. 55(b). Before granting default judgment, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (unpublished decision). "While 'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## I. <u>Liability</u>

Plaintiff alleges that Defendant violated the FDCPA by making false and misleading representations about the status of Plaintiff's debt to consumer reporting agencies, specifically 15 §§ 1692e, 1692e(2)(a), 1692e(8), and 1692e(10). (Doc. 1

4

¶¶ 31-36).  U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The statute goes on to enumerate specific activities that violate that section "[w]ithout limiting the general application of the foregoing" language, including: "[t]he false representation of—(A) the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," *id*. § 1692e(8); and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  *Id.*  "Courts in the Eleventh Circuit use a 'least sophisticated consumer' standard to determine whether conduct violates the FDCPA."  *Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2014 U.S. Dist. LEXIS 187881, at *48 (N.D. Ga. May 30, 2014) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1200-01 (11th Cir. 2010)), *adopted by* 2014 U.S. Dist. LEXIS 187872 (N.D. Ga. June 30, 2014).

> To prevail on a FDCPA claim, a plaintiff must show that:
>
> (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

5

*Buckley v. Bayrock Mortg. Corp.*, No. 1:09-CV-1387-TWT-RGV, 2010 U.S. Dist. LEXIS 10636, at *21 (N.D. Ga. Jan. 12, 2010) (quotation omitted), *adopted by* 2010 U.S. Dist. LEXIS 10632 (N.D. Ga. Feb. 5, 2010). Through the well-pleaded allegations in the Complaint, Plaintiff has shown that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and engaged in debt collection activity by reporting Plaintiff's alleged debt to consumer reporting agencies as "in collection." (*See* Doc. 1 ¶¶ 5-12, 17-22). The well-pleaded allegations of Plaintiff's Complaint also show that Plaintiff listed the alleged debt in his bankruptcy schedules and described the debt as "disputed," Defendant received notice of his bankruptcy filings, and Defendant continued to report to consumer reporting agencies, including Transunion and Equifax, that the status of the debt was "in collection" and "placed for collection," without reporting that the debt was disputed or that it was included in Plaintiff's bankruptcy and therefore not subject to collection based on the automatic stay provided by 11 U.S.C. § 362(a)(1). (Doc. 1 ¶¶ 13-22).

Regardless of whether Plaintiff has shown that Defendant violated each of the FDCPA sections cited in his Complaint, the undersigned finds that Plaintiff's well-pleaded allegations show that Defendant made false, deceptive, or misleading representations about Plaintiff's debt in violation of 15 U.S.C. § 1692e. *See, e.g.*, *Rodriguez v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1678-Orl-28DAB, 2009 U.S. Dist. LEXIS 132443, at *12 (M.D. Fla. Feb. 12, 2009) (explaining that even where

the facts do not establish violations of every FDCPA subsection cited, "proof of only one violation is sufficient to support judgment for plaintiff").  Plaintiff has shown that Defendant continued to report his debt as "in collection" without reporting that it was disputed and included in his bankruptcy filing, therefore not subject to collection activity due to the automatic stay provision of 11 U.S.C. § 362(a)(1).[1]  The undersigned finds those actions violate, at a minimum, 15 U.S.C. § 1692e(2), which provides that "[t]he false representation of—(A) the character, amount, or legal status of any debt" violates the FDCPA, and § 1692(e)(8), which provides that "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  Based on the foregoing, the undersigned finds that Plaintiff has demonstrated that Defendant "has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Buckley*, 2010 U.S. Dist. LEXIS 10636, at *21; *see, e.g.*, *Carlisle v. Nat'l Commer. Servs.*, No. 1:14-CV-515-TWT-LTW, 2017 U.S. Dist. LEXIS 39954 at *18-19 (N.D. Ga. Feb. 22, 2017) (recommending that plaintiff's motion for default judgment be granted where he

---

[1] 11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]"

7

alleged that the defendant failed to communicate to the CRAs that his debt was disputed), *adopted by* 2017 U.S. Dist. LEXIS 39310 (N.D. Ga. Mar. 20, 2017). Therefore, the undersigned **RECOMMENDS** that default judgment be entered against Defendant.

## II.   Damages And Attorney's Fees

Plaintiff has withdrawn his claim for actual damages and now only seeks statutory damages of $1,000.00, $4,139.00 for Plaintiff's attorneys' fees, and $479.50 for Plaintiff's costs.  (*See* Doc. 19; *see also* Doc. 13).  The undersigned recommends that the following damages, fees, and costs be awarded:

1.   Statutory damages under the FDCPA of $1,000.00, as allowed by 15 U.S.C. § 1692k(a)(2)(A); and

2.   Attorneys' fees and costs of $ 4,618.50, as allowed by 15 U.S.C. § 1692k(a)(3).  (*See* Doc. 13 at 4-5) (detailing attorney and paralegal work performed and costs incurred, including filing fee and process server fee).

## Conclusion

It is **RECOMMENDED** that Plaintiff's motion for default judgment, as amended (Docs. 12, 19) be **GRANTED** and that default judgment be entered in Plaintiff's favor and against Defendant in the amount of $5,618.50.

The Clerk is directed to terminate the reference of this case to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this 7th day of May, 2021.

                                          /s/ J. Clay Fuller
                                          J. Clay Fuller
                                          United States Magistrate Judge